A89A1777. SIMMONS v. HOLSEY TEMPLE CHRISTIAN METHODIST CHURCH et al.
(389 SE2d 1)

DEEN, Presiding Judge.

Dorothy Simmons appeals from the summary judgment granted to defendants (appellees here) in a tort action filed by Ms. Simmons. Although the record before us is unclear, it appears that Ms. Simmons had been escorted against her will from the sanctuary of the defendant church by personnel from the defendant sheriff's office, at the request of defendant church officials, and that she was charged with criminal trespass. In her complaint she alleged assault and battery and conspiracy and sought compensatory and punitive damages totaling $4,000,000. According to the record, she did not file a timely response to discovery or to the defendants' motion for summary judgment and did not appear for the hearing on the motion. She enumerates as error failure to be given notice of the motion, the defendants' failure to serve her with their requests for admissions, the commission of unspecified "crimes" by defendants/appellees, and the trial court's failure to consider all the documents filed by appellant. *Held*:

Pretermitting consideration of the failure of appellant, acting pro se, to comply with the technicalities prescribed for the conduct of a civil action, we find no evidence of record to support the allegations of appellant's enumeration of errors. Because appellant, by filing no response to the motion for summary judgment, failed to meet her statu-

tory burden of piercing the movants' allegations and affirmatively negating at least one essential element of defendants/appellees' case, the trial court's award of summary judgment was proper. OCGA § 9-11-56; *Corbitt v. Harris*, 182 Ga. App. 81 (354 SE2d 637) (1987). Moreover, appellant has adduced no indicia of the existence of a dispute regarding any genuine issue of material fact or any competent evidence to support her bare allegations as to lack of notice, failure of the trial court to consider all the evidence, the existence of an actionable (i.e., criminal) conspiracy, or the commission of specific "crimes" or wrongs by the defendants. We find no error.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 2, 1989 —
REHEARING DENIED DECEMBER 1, 1989 —

Dorothy M. Simmons, *pro se.*

*Long, Weinberg, Ansley & Wheeler, Robin L. Peek, Alan L. Newman, Susan B. Forsling*, for appellees.